IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CONNIE WINELAND (IA), MARIA WARD (MO), ROSELLA MOSE (IL), TAMMY McKINNIS (KS), LISA SMITH (IN), APRIL HICKS (NE), TERESA ARENAS (SD), and KATHY GOLDMAN (MN), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASEY'S GENERAL STORES, INC., ROBERT J. MYERS, RONALD M. LAMB, TERRY W. HANDLEY, ROBERT C. FORD, and JULIA L. JACKOWSKI<br><br>Defendants | No. 4:08-CV-0020-RP-TJS<br><br>MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SEPARATE AWARDS FOR NAMED PLAINTIFFS AND DEPONENTS |

## INTRODUCTION

COMES now, the undersigned, and pursuant to the Court's Order, moves the Court to approve attorney fees, reimbursement of expenses, and separate awards for the named plaintiffs and deponents, and in support thereof states as follows:

I.  THE REQUESTED AWARD OF FEES AND EXPENSES IS REASONABLE AND WARRANTED AND SHOULD BE APPROVED.

When fee-shifting statues such as the FLSA are involved,[1] parties may negotiate settlements that encompass a defendant's total liability for damages, attorney fees, and costs. *See Evans v. Jeff D.*, 475 U.S. 717, 733-34, 738 n.30 (1986); *see also Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 107 (9th Cir. 1997) ("parties to a class action properly may

---

[1] The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action." 29 U.S.C. § 216(b)

negotiate not only the settlement of the action itself, but also the payment of attorney's fees."); *Holden v. Burlington Northern, Inc.*, 665 F.Supp. 1398, 1427-28 (D. Minn. 1987); 5 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 15:32 (4th ed. 2002). In this case, the parties negotiated a settlement which caps Casey's total obligation for settlement payments to Plaintiffs, costs of notice and settlement administration, court-approved separate awards to Named Plaintiffs and deponents, court-approved litigation costs and expenses, and court-approved attorney fees. *See* Stip at ¶¶ 25, 27, 31, 33 & 35.

The Named Plaintiffs participated, in person with face-to-face meetings, telephone and/or electronic mail communications and discussions, in the process leading to mediation and participated in subsequent discussions that resulted in the final settlement and proposed allocation of the Settlement Fund. Peters Aff. ¶ 4. The proposed allocation specifically includes up to 33.3% of the settlement account after the deduction of litigation expenses for attorney fees (an amount totaling $2,181,150), $150,000 for litigation costs and expenses, and $10,000 for separate awards to Named Plaintiffs and $1,000 for deponents. Stip. At ¶¶ 31, 33 .

Notices to the FLSA Opt-In Class and State R. 23 Classes, sent pursuant to the Court's preliminary approval order (Doc. No. 137), fully described the settlement terms and proposed allocation to the Settlement Fund, including proposed settlement payments to class members, separate awards to Named Plaintiffs and deponents, attorney fees and costs. *See* Stip.At ¶¶ 40, 41, 51. In addition, the Notices specifically stated that Plaintiff's counsel would file an application for an award of up to 33.3% for attorney fees after deduction of litigation expenses (an amount totaling $2,181,150), $150,000 for litigation costs and expenses, and separate awards

of $10,000 for each of the Named Plaintiffs and $1,000 for each of the deponents in addition to any pro rata shares of the Settlement Fun to which they may be entitled. *See id.*, Ex. C. The Notices also informed members of the classes of their rights to object, and described the procedures for asserting any such objections. *Id.*, Ex. C. Not a single member of either the FLSA Opt-In Class or State R. 23 Classes objected. Peters Aff. ¶ 5; Cozzi Dec. ¶8.

As contemplated by the Joint Stipulation of Settlement, as stated in the Notices, and without objection by class members, Plaintiffs now seek the Court's approval of awards of $10,000 for each of the Named Plaintiffs, $1,000 for each of the deponents, $150,000 for reimbursement of litigation costs and expenses, and $2,181,150 in attorney fees. As discussed below, the amount requested for attorney fees is less than the fees actually incurred by Plaintiffs' counsel.

### A.  An Award of Fees and Costs is Mandatory.

As the threshold matter, an award of fees and costs to prevailing plaintiffs under the FLSA is mandatory. *See* 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action.")[2] *See also Singer v. Waco*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) (§ 216(b) "requires" a fee award), *cert denied* 540 U.S. 1177 (2004); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (a fee award is "mandatory"), *cert. denied 513 U.S. 875 (1994); Falica v. Advanced Tenant Servs., Inc.*, 384. F. Supp. 2d 75, 77 (D.D.C. 2005)("The Award of counsel fees to an employee's attorney in FLSA cases is mandatory and unconditional.");

*Lawson v. Lapeka, Inc.* 1991 WL 49775, *4 (D. Kan. March 19, 1991) (mandatory); *Fields v. Luther*, 1988 WL 121791, *1 (D. Md. July 12, 1988) (mandatory).[3]

Plaintiffs in this case are prevailing parties as a result of the settlement of this litigation. *Cf. Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) ("Plaintiffs who obtain relief through settlement are considered prevailing parties" under Title VII); *Wray v. Clarke*, 151 F.3d 807, 809 (8th Cir. 1998) ("prevailing parties" includes civil rights complainants who prevail through settlement in lieu of litigation); *see also Am. Disability Assoc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) (plaintiffs are prevailing parties because the court's approval of settlement and retention of jurisdiction to enforce settlement are judicially-sanctioned changes in the legal relationship between the parties). Therefore, Plaintiffs are entitled to fees and costs.

**B.    The "Lodestar" Method is Used to Determine Attorney Fees in FLSA Cases.**

Although the award of attorneys' fees and costs under the FLSA is mandatory, the amount of the award is within the court's discretion. *Fegley*, 19 F.3d at 1134. To determine "reasonable" awards in FLSA cases, the courts use the "lodestar" method. *Heidtman v. El Paso County*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see e.g., Knutson v. Ag Processing, Inc.*, 273 F.Supp.3d 961, 1012-13 (N.D. Iowa 2003); *West v. Border Foods, Inc.*, 2007 WL 1725760, **2-4 (D. Minn. June 8, 2007) (applying lodestar method in FLSA case); *Milner v. Farmers Ins. Exchange*, 725 N.W.2d 138, 145-47 (Minn. Ct. App. 2006) (applying lodestar method in FLSA case.)

---

[3] The purpose of mandatory fee awards under the FLSA is to help ensure that plaintiffs with wage and hour grievances have "effective access to the judicial process[.]" *Fegley*, 19 F.3d at 1134 (internal citation omitted).

4

The lodestar method involves calculating the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "There is a `strong presumption' that the lodestar figure represents the reasonable fee to be awarded." *Hixon v. City of Golden Valley*, 2007 WL 4373111, *2 (D. Minn. Dec. 13, 2007), *quoting City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Nevertheless, adjustments to the lodestar sum "may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984).[4]

### 1. Hours reasonably expended.

Counsel must use "billing judgment" by making good-faith efforts to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

Plaintiffs' counsel have made good-faith efforts to use good billing judgment in their fee request by taking several steps to exclude any hours that might be excessive, redundant, or otherwise unnecessary. First, Plaintiff's counsel have *cut all* time of attorneys and other timekeepers who worked fewer than 50 hours on this case, eliminating more than 194 total hours. *Cf. Hixon*, 2007 WL 4373111 at *3 (reducing hours by a percentage, instead of line-by-line, to account for redundancies and vagueness). Second, Plaintiffs' counsel have *cut all* time

---

[4] A variety of factors may be considered in making adjustments to the lodestar figure, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case: (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; (13) the significance of the legal issue on which the plaintiff prevailed; and (14) the public purpose served. *Flowers v. City of Minneapolis*, 2008 WL 927940, *2 (D. Minn. April 7, 2008). However, it is not necessary for the Court to explicitly examine all of these factors in determining reasonable attorney fees. Id., citing *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

after May 2009 (approximately 153 hours), including time spent responding to class members' inquiries, time spent on settlement administration, and time spent preparing for final settlement approval and on this application for fees and costs. Peters Aff. ¶ 8; Tostrud Aff. ¶ 4; Zouras Aff. ¶ 4; Goplerud Aff. ¶ 4.[5]

Even after eliminating all of the hours described above, Plaintiffs' counsel and non-lawyer billing staff have worked more than 6,206 hours litigating and settling this case for Plaintiffs' benefit  Further, Plaintiffs' counsel will continue to expend time implementing the Settlement and in connection with distribution of the Settlement Fund.[6]

2. **Reasonable hourly rates.**

The hourly rates of Plaintiffs' counsel and each non-lawyer billing staff member for whom time is submitted are set out in the exhibits to the affidavits in support of this fee application. The hourly rates for the attorneys for whom time is submitted, i.e., only those who spent more than 50 hours working on this case, range from $350 to $650, and the hourly rate for non-lawyer billing staff range from $100 to $150. Peters Aff., Ex. 1; Tostrud Aff., Ex. 1; Zouras Aff., Ex. 1; Goplerud Aff., Ex. 1. These hourly rates have been accepted and approved in other contingent litigation and are comparable to rates charged by class action counsel in similar cases. Peters Aff. ¶ 7. *See also Milner*, 2005 WL 5621615 (pinpoint citation not available) (approving $590 and $450 hourly rates in FLSA case); *West*, 2007 WL 1725760 at *2 (approving $550 and

---

[5] Post-judgment hours, including time spent preparing a fee application, are recoverable and may be included in the lodestar calculation. See *Hixon*, 2007 WL 4373111 at *4.

[6] Plaintiffs' counsel will provide detailed time records for *in camera* review upon the Court's request. However, because Plaintiffs' counsel are requesting a fee award that is much less than the lodestar, and because the Court has been intimately involved in this case and is well aware of the litigation efforts involved, Plaintiffs' counsel have not provided detailed time and expense records at this time.

$400 hourly rates in FLSA case); *cf. Hixon*, 2007 WL 4373111 at *3 (approving $400 hourly rates in § 1983 case).

### 3. Plaintiff's counsel's lodestar.

Multiplying the hours that all attorney and non-lawyer billing staff have worked on this case (and which remain after the exercise of billing judgment described above) by their respective hourly rates yields a lodestar figure of $2,426,748.00. This lodestar figure is entitled to a strong presumption of reasonableness. *See Hixon*, 2007 WL 4373111,*2.

### C. No Downward Adjustment is Warranted.

Plaintiff's request for $2,181,150 to compensate their attorneys for more than 6,200 hours and over two years of hard-fought litigation and settlement efforts satisfies any conceivable standard of reasonableness. The amount requested is significantly lower than Plaintiff's counsel's lodestar. In effect, the request incorporates any reasonable reduction in the number of lodestar hours and/or hourly rates that the Court might be inclined to consider. Further, as discussed below, numerous other factors weigh against any additional downward adjustment and, under different circumstances, would weigh in favor of enhancement.

### 1. Results obtained.

Lodestar may be adjusted based on "results obtained." *Hensley*, 461 U.S. at 434. However, because mandatory fee awards in FLSA cases are intended to "encourage[] the vindication of congressionally identified policies and rights[,]" *Fegley*, 19 F.3d at 1134-35 (internal citation omitted). In fact, courts frequently grant and uphold "substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Id.* at 1135 (internal

citation omitted); *see also Singer*, 324 F.3d at 829-30 (limited monetary success does not require a reduction in lodestar); *cf. Fields*, 1988 WL 121791 at *3 (proportionality between the amount recovered and the amount of the attorney's fees awarded is not required); *accord Milner*, 725 N.W.2d at 145-47 (awarding $1,258,178.80) in attorney fees where plaintiffs obtained injunctive relief but $0 damages).[7]

This litigation will result in the creation of a $6,700,000 Settlement Fund. From this Settlement Fund, a total of 11,427 class members who submitted claims will receive checks totaling $4,289,256.60, a significant portion of the damages Plaintiffs might have recovered if successful at trial and on appeal. In addition, the Settlement Fund will pay all costs of settlement administration, costs and expenses of litigation, and attorney fees.

This result is substantial, especially in light of Casey's vigorous defense; generally unfavorable precedent in this circuit; the Court's ruling regarding discovery of more than 3,000 opt-ins and depositions for 180 individuals; the difficulty of proving, based on Plaintiffs' recollections, the number of overtime hours worked in light of contrary and missing employment records; the District Judge's expressed reservations about the merits of some claims and the ability of Plaintiffs' to certify the classes; the risks of trial; and the further risks of appeal.

---

[7] In *Milner*, the district court awarded attorney fees totaling $1,887,268.32, representing 90% of lodestar plus a 1.5 multiplier. *See Miner v. Farmers Ins. Exchange*, 2005 WL 5621615 (Minn. Dist. Ct. Sept. 14, 2005) (Trial Order) (pinpoint citations not available), *vacated in part*, 2005 WL 5621616 (Minn. Dist. Ct. Nov. 23, 2005) (Trial Order). The court of appeals remanded with instructions to enter an order awarding 90% of lodestar without a multiplier, or a total of $1,258,178.80. *Milner*, 725 N.W.2d at 147; *Milner*, 2005 WL 561615.

### 2. Time and labor required.

This litigation began over two years ago. As noted above, Plaintiffs' counsel and staff have worked in excess of 6,200 hours to bring this lawsuit to a successful conclusion against considerable odds and formidable opponents.

The 368 entries on the Court's docket only partially reflect the time and labor required to reach this point.[8] Plaintiffs' counsel and staff undertook hundreds of other tasks including, among others, propounding and responding to written discovery, reviewing hundreds of thousands of pages of documents; producing thousands of pages of documents; taking and defending approximately 40 depositions; interviewing witnesses; counseling clients; researching; analyzing; strategizing; writing; arguing and negotiating. See Peters Aff. at ¶ 2. All of these tasks were performed at a high level, without compensation and with the risk of no compensation.

### 3. Novelty and difficult of issues.

This is a not a run-of-the-mill FLSA case. It presented difficult and complex issues of law and fact that required sophisticated analysis, briefing, and argument, as reflected in the record. Because of the sheer size and scope of the classes (approximately 76,000 individuals), Plaintiffs expended great effort in developing strong, supportive evidence of common themes and arguments to support class certification.

---

[8] By Court Order in January, 2008, this case was related with the *Jones v. Casey's* case. The vast majority of docket entries apply to both cases.

4. **Skill required to perform legal services properly.**

The difficulty of the issues in this case, as well as the generally unfavorable precedent in this circuit, required high-level research, analysis, deposition practice, writing and oral advocacy to present effective and persuasive arguments to the Court. The skill, resolve, and tenacity displayed by Plaintiffs' counsel were particularly important in light of the fact that Casey's was represented by skilled and experienced attorneys from one of Iowa's largest and most prominent law firms, and an equally skilled law firm from Missouri.

5. **Preclusion of other employment.**

The prosecution of this action consumed the attention and time of Plaintiffs' counsel, sometimes totally to the exclusion of other matters. Plaintiffs' counsel have active legal practices and other endeavors they could have and would have pursued but for their commitment to this litigation. Peters Aff. at ¶ 7; Tostrud Aff. ¶ 3; Zouras Aff. ¶ 3; Goplerud Aff. ¶ 3.

6. **Customary fee.**

As noted above, the hourly rates charged by Plaintiffs' counsel and staff are comparable to rates charged by class action counsel in similar cases in this district and other districts and have been accepted and approved in other contingent litigation. Peters Aff. ¶ 7.

7. **Whether the fee is fixed or contingent.**

The fee in this case is contingent. Many of the Plaintiffs are of modest means and would not have been able to obtain counsel to pursue their claims on a fixed-fee basis. Because the fee is contingent, Plaintiffs' counsel bore the time costs and out-of-pocket costs of litigation for nearly three years without any compensation and with the risk of no compensation.

8.   **Time limitations imposed by clients or circumstances.**

No particular time limitations were imposed by Plaintiffs or circumstances.

9.   **Experience, reputation, and ability of attorneys.**

Plaintiffs' counsel are experienced, successful lawyers whose reputations for quality are among the highest. Brief biographies of Plaintiffs' counsel are attached to the affidavit submitted in support of this fee application. See Peters Aff. Ex. 3; Tostrud Aff. Ex. 3; Zouras Aff. Ex. 3; Goplerud Aff. Ex. 3.

10.   **Undesirability of the case.**

The undesirability of this case is reflected by the fact that none of the other numerous local and national law firms that regularly file FLSA actions intervened or filed separate actions on behalf of any plaintiffs. This lack of interest is understandable given the significant legal and practical hurdles this case presented.

11.   **Nature and length of professional relationship with clients.**

There was no pre-existing relationship between Plaintiffs' counsel and their clients in this case. However, Plaintiffs' counsel developed a strong working relationship with their clients, in particular with the Named Plaintiffs and deponents, who actively participated by communicating with other Plaintiffs, suggesting areas and avenues of discovery, educating Plaintiffs' counsel regarding Casey's practices and procedures, attending hearings, participating in the mediation, and crafting the settlement and proposed plan of allocation. Peters Aff. at ¶¶ 4.

### 12. Awards in similar cases.

Perhaps the most comparable case is *Milner*, supra, which involved similar FLSA issues. As noted above, in *Milner*, plaintiffs obtained injunctive relief but $0 damages. Plaintiffs' counsel ultimately were awarded $1,258,178.80 in attorneys' fees. *See Milner*, 725 N.W.2d at 147; *Milner*, 2005 WL 561615 (pinpoint citations unavailable).

### 13. Public purpose served.

Plaintiffs' success serves the purpose of the FLSA by vindicating rights the FLSA was enacted to protect. It serves notice to employers that there is a cost for paying lip-service to their FLSA obligations, and that employers fail to maintain records at their own risk.

### 14. No objections.

It bears repeating that explicit and clear notice of the fact and amount of this request for attorney fees was provided to 75,994 members of the classes and not a single person objected.

In sum, an award of attorney fees in this case is mandatory. The amount requested $2,181,150, is reasonable in light of Plaintiffs' counsel's lodestar, which far exceeds the request. Further, no downward adjustment is warranted in light of the results obtained, the benefits to Plaintiffs, and all of the other pertinent factors that bear on such an award.

Therefore, Plaintiffs and Plaintiffs' counsel request an award of attorney fees in the amount of $2,181,150.

D.   **Plaintiffs' Counsel are Entitled to Reimbursement of Costs and Expenses.**

As noted above, the award of costs, as well as fees, is mandatory under the FLSA. *See* 29 U.S.C. § 216(b); *West*, 2007 WL 1725760 at *4 ("The Court shall also award reasonable costs to the prevailing party.").[9]

Plaintiffs' counsels have advanced litigation costs and expenses that normally would be charged to clients. Peters. Aff. at ¶ 10; Tostrud Aff. ¶ 7; Zouras Aff. ¶ 7; Goplerud Aff. ¶ 7. These costs and expenses are summarized in Peters Aff. Ex. 2; Tostrud Aff. Ex. 2; Zouras Aff. Ex. 2; and Goplerud Aff. Ex. 2. All of these costs and expenses were reasonably and necessarily incurred in the course of this litigation. Peters Aff. at ¶ 10; Tostrud Aff. ¶ 7; Zouras Aff. ¶ 7; Goplerud Aff. ¶ 7.

Therefore, Plaintiffs and Plaintiffs' counsel request an award of costs and expenses to Plaintiffs' counsel in the amount of $150,000.

E.   **The Named Plaintiffs and Deponents are Entitled to Separate Awards for their Efforts in this Litigation.**

Courts may make separate awards to class representatives in recognition of their risks, time expended, and benefits to the class. *See In Re US Bancorp Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002), *cert. denied* 537 U.S. 823 (2002); *White*, 822 F. Supp. at 1406.

The role of the Named Plaintiffs in this litigation was crucial. Each sacrificed her time to prosecute this lawsuit on behalf of her fellow current and former employees. Each reviewed and approved The Complaint. Each met, conferred and corresponded with Plaintiffs' counsel. Each responded to written discovery, and produced records and documents. Each was deposed. Each

---

[9] In this context, "costs" includes all costs and expenses that firms in the area normally charge to their clients, including expert fees. *See Lawson*, 1991 WL 49775 at *2-3.

participated in the mediation that set this settlement into motion. And all were actively involved in subsequent discussions that shaped and finalized the settlement and proposed plan of allocation. Peters Aff. at ¶ 4. Similarly, the deponents each sacrificed her time to prosecute this lawsuit and responded to written discovery. Peters Aff. at ¶ 4

The Notices informed class members that Plaintiffs' counsel would ask the Court to make separate awards of $10,000 to each of the Named Plaintiffs and $1,000 to each of the deponents in addition to any pro rata shares of the Settlement Fund to which they may be entitled. Again, no one objected. Peters Aff. at ¶ 5.

Therefore, Plaintiffs and Plaintiffs' counsel request separate awards of $10,000 to each of the Named Plaintiffs and $1,000 to each of the deponents, in addition to any pro rata shares of the Settlement Fund to which they may be entitled.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an order (i) awarding Plaintiffs' counsel attorney fees in the amount of $2,181,150, and $150,000 for reimbursement of costs and expenses; and (ii) granting separate awards in the amount of $10,000 to each of the Named Plaintiffs and $1,000, in addition to any pro rata share of the Settlement Fund to which they may be entitled.

Dated: September 24, 2009

/s/ Scott H. Peters
Scott H. Peters, #AT0006117
Jon E. Heisterkamp, #AT0003445
Peters Law Firm, P.C.
233 Pearl Street, P.O. Box 1078
Council Bluffs, IA 51502-1078
Telephone (712) 328-3157
Facsimile (712) 328-9092

/s/ Jon A. Tostrud
Jonathan W. Cuneo
Jon A. Tostrud
Cuneo Gilbert & LaDuca, LLP
507 C. St., NE
Washington, DC 20002
Telephone (202) 789-3960
Facsimile (202) 789-1813

/s/ J. Barton Goplerud
J. Barton Goplerud
Hudson, Mallaney & Shindler, P.C.
5015 Grand Ridge Dr.
Suite 100
West Des Moines, IA 50265
Telephone: (515) 223-4567
Facsimile: (515) 223-8887

/s/ James B. Zouras
Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560

ATTORNEYS FOR THE PLAINTIFFS

Electronically Filed.

Electronically served on:

Edward W. Remsburg
Nathan J. Overberg
Amanda G. Wachuta
Jason M. Craig
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
ATTORNEYS FOR DEFENDANT
CASEY'S GENERAL STORES, INC.

Jeffrey D. Hanslick
Kimberly A. Jones
BLACKWELL SANDERS, LLC
4801 Main Street, Suite 1000
Kansas City, MO 64112
ATTORNEYS FOR DEFENDANT
CASEY'S GENERAL STORES, INC.

Scott H. Peters
Jon E. Heisterkamp
233 Pearl Street
P.O. Box 1078
Council Bluffs, IA 51502-1078

Jonathan W. Cuneo
Jon A. Tostrud
R. Brent Walton
Cuneo Gilbert & LaDuca, LLP
507 C. St., NE
Washington, D.C. 20002

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on this date: _September 24, 2009, by:_

| | | | |
|---|---|---|---|
| _____ | U.S. Mail | _____ | Fax |
| _____ | Hand Delivery | _____ | Private Carrier |
| XX | Electronically filed through CM-ECF | _____ | Other |

Signature: _/s/ Linda Cashatt_